524 So.2d 136 (1988)
Beatrice CALLENDER
v.
CITY OF NEW ORLEANS.
No. CA-8474.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Writ Denied June 2, 1988.
*137 Jennifer N. Willis, Wayne P. Tate, Cater & Willis, and William P. Quigley, New Orleans, for plaintiff-appellant Beatrice Callender.
Okla Jones, II, City Atty., Don J. Hernandez, Chief Deputy City Atty., Anthony J. Stewart, Asst. City Atty., Timothy D. Bordenave, Asst. Dist. Atty., New Orleans, for defendant-appellee City of New Orleans.
Before BARRY, KLEES and PLOTKIN, JJ.
KLEES, Judge.
Plaintiff, Beatrice Callender, filed suit for damages incurred as a result of injuries sustained when she slipped and fell in a hole while crossing Jackson Avenue. From a judgment rendered in favor of defendant, the City of New Orleans, plaintiff appeals. We affirm.
On October 25, 1981, plaintiff left St. John Institutional and Missionary Baptist Church and attempted to cross Jackson Avenue to get to her car parked in a lot on the other side of the street. While crossing, she allegedly stepped in a pothole, fell backward and struck her head on the ground, rendering her unconscious. When she awakened, there were people around her and her white dress was dirty. It is undisputed that on the morning of the accident it had rained and the street was wet. Plaintiff sought recovery from the City under theories of strict liability and negligence.
The issue before us is whether plaintiff met the burden at trial of proving by a preponderance of the evidence that the defect in Jackson Avenue, a pothole, created an unreasonable risk of injury to her. We agree with the trial court that it did not.
LSA-C.C. art. 2315 is the basis of negligence law in Louisiana and states in pertinent part:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."
Strict liability for things in one's custody is found in LSA-C.C. art. 2317, which reads in part:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."
Under both theories of recovery, a plaintiff must prove that the thing presented an unreasonable risk of harm. Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982).
In the instant case, the only evidence offered at trial describing the alleged defect *138 was the testimony of plaintiff's witness, Aline White, and plaintiff's own testimony. White, a clerk at St. John's Institutional and Missionary Baptist Church, testified that she had reported to the City that there was a pothole on Jackson Avenue in front of the church; however, she could not remember exactly when or to whom she had reported it. Furthermore, she testified that she had never walked by or driven through the hole, nor inspected it for size and depth. The only thing she remembered was that she had notified the City about a hole in Jackson Avenue because she had often heard cars hitting it as they drove by and had also heard church members speak of it. A review of the record indicates that the plaintiff gave conflicting testimony throughout the trial. For example, at one point she stated that she did not see the hole because while trying to cross, she watched for traffic and the street was running over with water. Later in her testimony, she stated that she did not pay attention to the street and could not tell if the entire street was filled with water. At yet another point, she stated that the whole street must not have been flooded because if there had been a lot of water she would not have crossed there.
No pictures or precise description of the size and depth of the hole were submitted as evidence. After her fall, plaintiff was attended to by several members of her church who knew her, but not one of them served as a witness at trial to substantiate her claim. The Court had to rely solely on the verbal descriptions given by White and the plaintiff. Based on this evidence, we conclude plaintiff failed to prove that the defect in the street created an unreasonable risk of injury to her. The fact that she fell does not elevate the condition of the street to that of an unreasonably dangerous vice or defect. Shipp v. City of Alexandria, 395 So.2d 727 (La.1981).
Although the City has a duty to maintain its streets in a condition safe for public use, (citations omitted) Reinhard v. City of New Orleans, 371 So.2d 286, 288 (La.App. 4th Cir.), writ denied, 374 So.2d 656 (La.1979), a pedestrian has a duty to see that which should have been seen. He is not required to look for hidden dangers, but is bound to observe his course to see if his pathway is clear. A pedestrian is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064, 1067 (La.App. 1st Cir.), writ denied, 433 So.2d 1056, 1057 (La.1983).
By her own admission, plaintiff was watching the traffic and not the street when she attempted to cross. She knew the street was wet because it had rained heavily that morning and was still drizzling when she went to cross Jackson Avenue. At the time, she was wearing white high-heeled shoes and carrying her raincoat, umbrella and other articles. Plaintiff did not attempt to cross at the corner of the intersection, but rather stepped into the street from between two parked cars. The inclement weather at the time of the incident was enough to put an ordinarily prudent person on notice that she would have to watch her step. Under these circumstances, plaintiff's conduct was sufficiently below the standard of care that the law requires of pedestrians and so qualifies as victim fault.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.