702 So.2d 75 (1997)
Louie G. STEWART and Fredna Stewart
v.
ARA LEISURE SERVICES, INC., Facility Management of Louisiana, Inc., et al.
No. 97-C-1926.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1997.
Rehearing Denied November 14, 1997.
*77 Thomas C. Cowan, Lyon H. Garrison, Robert D. Peyton, Christovich & Kearney, New Orleans, for Relator ARA Leisure Services, Inc.
John D. Rawls, New Orleans, and David C. Frazier, Pascagoula, MS, for Respondents Louie G. Stewart and Fredna Stewart.
Before BARRY, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Louie Stewart alleges injury to his knee when, on 21 September 1991, he slipped and fell on a hot dog at the Louisiana Superdome. Stewart and his wife filed suit against ARA Leisure Services, Inc., (ARA) which operated the food and beverage concessions, and Facility Management of Louisiana, Inc., (Facility Management) which managed Superdome operations. ARA filed a motion for summary judgment in 1996 arguing that, under the facts of the case, it could not be liable under either strict liability or negligence. That motion was heard and denied on 5 September 1996. ARA did not seek supervisory review of that denial.
Subsequently, the case was re-assigned to a different judge. After the reallotment, ARA filed another motion for summary judgment urging the same grounds. On 8 August 1997, the second trial judge denied the motion for summary judgment. ARA here seeks supervisory review of that ruling.

STATEMENT OF FACTS
It is uncontroverted that Stewart fell near seating section 119, and that the nearest ARA concession booth was adjacent to section 116, over twenty feet away. ARA's contract with Facility Management made ARA responsible for the maintenance of the area within ten feet of its concessions.

ANALYSIS
The Stewarts claimed below that since ARA's two motions for summary judgment were identical, this Court should refuse to consider the motion on its merits, based on the law of the case doctrine. The trial court found the law of the case doctrine was inapplicable and denied the motion on its merits.
The law of the case principle is applied merely as a discretionary guide. The principle may bar argument where there is merely doubt as to the correctness of the former ruling; however, the principle does not apply in cases of palpable former error or so mechanically as to accomplish manifest injustice. Petition of the Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). Since the principle is merely a "discretionary guide", we find no error in the trial court's decision to consider ARA's second motion for summary judgment.
The Stewarts' negligence claim is based on the assumption that ARA's employees failed to maintain adequately the premises where Stewart fell. In George v. Western Auto Supply Co., Inc., 527 So.2d 428, 429-30 (La.App. 4 Cir.1988), plaintiff sued the property owner, the lessee store and the City for injuries sustained in a slip and fall which occurred on the sidewalk abutting the store. The trial court granted summary judgment in favor of the store. The trial court held that the store's only duty to plaintiff was to refrain from doing anything to the sidewalk which would cause a vice or defect. The court rejected the claim that the store's failure to warn the plaintiff of a hazardous condition on the sidewalk, which was not in the store's custody, did not violate its duty to provide invitees with a safe entrance to and exit from its premises.
The contract between ARA and Facility Management specifically defined ARA's area of responsibility, and the accident clearly occurred outside that area. While the contract set forth the duty ARA owed to Facility Management relative to its maintenance parameters, it could not set forth the duty which ARA owed to Stewart. The Stewarts failed to meet their burden of producing evidence that ARA was responsible for maintenance of the location where Stewart fell.
As to the imposition of strict liability under La. C.C. art. 2317, the Stewarts bear the burden of proving: 1) the thing which caused damages was in the care, custody and control of ARA; 2) the thing had a vice or *78 defect which created an unreasonable risk of harm; and 3) the injuries were caused by a defect. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
The Stewarts allege that ARA is strictly liable for a defect in the physical design and layout of the area. ARA's contract provides that Facility Management was solely responsible for the designation of the locations from which ARA operated. ARA had no control over the location of its concession stands.
A "defect" is a flaw or condition of relative permanence inherent in the thing as one of its qualities. Toussant v. Guice, 414 So.2d 850, 852 (La.App. 4 Cir.1982). A temporary condition, such as the hot dog on which Stewart allegedly slipped and fell, does not constitute a defect. Boudreaux v. Farmer, 604 So.2d 641, 652 n. 10 (La.App. 1 Cir.), writs denied, 605 So.2d 1373 and 605 So.2d 1374 (La.1992). Likewise, the assignments of concessions in areas which are arguably too far from the seating area cannot constitute a defect for purposes of strict liability. There is no evidence supporting the Stewarts' claim that the hot dog constituted a defect in the Superdome premises for which ARA was responsible.
The Stewarts argued below that ARA is liable under strict liability because it had "garde" not over the area in which Stewart fell, but rather over the "system of food delivery" in the Superdome. However, the concept of "garde" is intended to limit the imposition of strict liability to things within a party's control, not to expand liability to cover something as far from a concessionaire's control as the dropping of a hot dog by another patron far outside the concessionaire's delineated maintenance area.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (4/11/94), 634 So.2d 1180, 1182.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
The 1997 amendments to La. C.C.P. art. 966 setting forth the foregoing burden of proof standard have been applied retroactively to a case decided in the Court of Appeal prior to enactment of the amendments. Kaufmann v. Fleet Tire Service of La., Inc., 97-1428 (La.9/5/97), 699 So.2d 75; see La. C.C. art. 6.
The question of whether a duty exists in a particular set of circumstances is a question of law for the court to decide. Mathieu v. Imperial Toy Corp., 94-0952 (La.11/30/94), 646 So.2d 318, 322. There being no genuine issue of material fact as to the absence of any duty from ARA to Stewart under the uncontroverted facts, we find that the trial court was clearly wrong in denying ARA's motion for summary judgment.

CONCLUSION
We grant ARA's application for supervisory writ, reverse the trial court's ruling denying ARA's motion for summary judgment and grant the motion, dismissing the petition *79 of Louie G. Stewart and Fredna Stewart against ARA at plaintiffs' cost.
WRIT GRANTED. TRIAL COURT RULING REVERSED. SUMMARY JUDGMENT GRANTED.