950 So.2d 862 (2007)
Ivonne BETETA
v.
CITY OF NEW ORLEANS.
No. 2006-CA-0972.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 2007.
Thomas H. Huval, Stephen C. Aertker, Jr., Christian A. Shofstahl, Huval Veazey Felder & Aertker, L.L.C., Covington, LA, for Defendant/Appellee.
Melissia A. Buckhalter, Assistant City Attorney, Kimlin S. Lee, Deputy City Attorney, Albert A. Thibodeaux, Chief Deputy City Attorney, Penya M. Moses-Fields, City Attorney, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD).
*864 EDWIN A. LOMBARD, Judge.
Defendant/Appellant, the City of New Orleans ("The City"), appeals the trial court's judgment granting summary judgment to Appellee, former co-defendant Fine Photos, Inc. ("Fine Photos"). Because we find the trial court's ruling was legally correct, we affirm.
Relevant Facts
Fine Photos, d/b/a A Gallery for Fine Photography, operates a gallery located at 241 Chartres Street in the New Orleans French Quarter. Plaintiff, Ivonne Beteta, alleges that on July 11, 2003, she was walking on the public sidewalk adjacent to Fine Photos when she tripped on a small metal hook imbedded in the concrete sidewalk and sustained personal injuries. Ms. Beteta initially sued the City of New Orleans, then later added Fine Photos as a defendant after learning that a certain city sanitation employee stated his belief that the metal hook was a stabilizing brace installed by Fine Photos. In its March 2005 responses to written discovery, the City admitted that it had no documentation to support the sanitation employee's belief that Fine Photos installed the hook that caused Ms. Beteta's accident. Fine Photos subsequently noticed the deposition of the city employee, which was to take place June 13, 2005, but the employee was placed on extended leave and the city was given time to find a replacement witness. The city failed to produce a substitute witness that could testify as to Fine Photos' liability by the time Hurricane Katrina struck New Orleans on August 29, 2005.
On December 29, 2005, Fine Photos moved for summary judgment on the basis that under Louisiana law, an abutting property owner is under no duty to repair or maintain public sidewalks. An attached sworn affidavit from the owner of Fine Photos attested to the fact that Fine Photos did not install, remove, repair, modify, or replace the "small hook" which Ms. Beteta claims caused her fall. Fine Photos asserted that there was no genuine issue of material fact as to its lack of liability in this case since the City had offered nothing more than an unsworn, uncorroborated, speculative statement from a former city employee to support its allegation that the defect in the sidewalk was caused by Fine Photos.
The matter came for hearing before Judge Nadine Ramsey on March 27, 2006 and again on May 5, 2006. At the March hearing, Judge Ramsey warned Ms. Beteta and the City that if they did not come up with a witness or other evidence that Fine Photos caused the defect in the sidewalk, she would grant Fine Photos' Motion for Summary Judgment at the May hearing. At the May hearing, neither Ms. Beteta nor the City came forward with any evidence to oppose Fine Photos' motion. At that time, the trial court granted Fine Photos' Motion for Summary Judgment dismissing Ms. Beteta's claims against it. The City, but not Ms. Beteta, appealed the judgment.
On appeal, the City argues that the trial court's judgment was manifestly erroneous and should be reversed, and that the matter is not ripe for summary judgment because discovery was not complete. In response, Fine Photos argues that the trial court judge has great discretion in deciding whether to grant summary judgment or to allow more time for discovery. Further, Fine Photos argues that the trial court's judgment granting summary judgment was correct because neither Ms. Beteta nor the City provided any evidence to support a basis for liability on the part of Fine Photos, despite the fact that the hearing on the motion was continued twice to afford them time to oppose the motion.
*865 Law and Analysis
An appellate court reviews a trial court's grant of summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Stewart v. ARA Leisure Services, Inc., 97-1926, p. 4 (La.App. 4 Cir. 10/29/97); 702 So.2d 75, 78. A motion for summary judgment will be granted if the "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law." La.Code Civ. Proc. art. 966(B). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. La.Code Civ. Proc. art. 966(A)(2). "The burden of proof is with the movant to show that no genuine issue of material fact exists." La Code Civ. Proc. art. 966(C)(2). If, as in this case, the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all elements of the plaintiff's claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. Id. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and the mover is entitled to summary judgment. Id.
Generally, tort liability arising from a defect in a public sidewalk lies with the municipality rather than the abutting property owner. Schully v. Hughes, 00-2605, p. 2 (La.App. 4 Cir. 6/5/02); 820 So.2d 1219, 1221. Moreover, an abutting property owner is generally not responsible for the repair or maintenance of a public sidewalk except where the defect in the sidewalk was caused by the abutting property owner. Id., citing, Randall v. Feducia, 86-2541 (La.06/01/87); 507 So.2d 1237. This exception is based on negligence under Louisiana Code of Civil Procedure Article 2315. Id., citing, Youngblood v. Newspaper Production Co., 135 So.2d 620, 622 (La.App.12/22/61).
Based on the foregoing law, Fine Photos had no duty to maintain the public sidewalk adjacent to its gallery unless it created the dangerous condition that caused Ms. Beteta's accident. Fine Photos submitted a sworn affidavit from Joshua Pailet, the owner of Fine Photos, indicating that Fine Photos never installed, repaired, or modified the metal hook in the sidewalk adjacent to its 241 Chartres Street gallery. The burden then shifted to Ms. Beteta and the City to rebut this evidence. The parties had ample time to conduct discovery and locate a witness or documentation to indicate that Fine Photos created the defect in the sidewalk that caused Ms. Beteta's fall. Despite the lapse of twenty-seven months from the filing of the lawsuit to the May 2006 hearing on Fine Photos' Motion for Summary Judgment, neither Ms. Beteta nor the City was able to come forth with any competent evidence to rebut the factual assertions found in Fine Photos' affidavit that would show that Fine Photos installed, modified, or repaired the metal hook in the sidewalk.
We find no merit in the City's argument that summary judgment was premature because discovery was not complete. Trial judges have wide discretion in setting and hearing motions for summary judgment, as in other actions relating to scheduling and docket management, and their decisions in such matters will be set aside by appellate courts only when there has been an abuse of that discretion. Kelley v. Hanover Ins. Co., 98-506, p. 3 (La.App. 5 Cir. 11/25/98); 722 So.2d 1133. It is not an abuse of the trial court's wide *866 discretion in discovery matters to entertain a motion for summary judgment when the parties have had adequate time to secure discovery. Shambra v. Roth, 04-0467, p. 5 (La.App. 4 Cir. 9/29/04); 885 So.2d 1257. Clearly, in this case, the parties were afforded ample time to locate any evidence to support their allegations against Fine Photos. Over five months had elapsed from the filing of the motion for summary judgment and the May 2006 hearing at which the motion was granted. Moreover, the trial judge twice allowed the parties a continuance on the hearing in order to allow them more time to oppose the motion. In fact, despite the passing of twenty-seven months since the filing of the lawsuit, Ms. Beteta and the City were never able to come forth with any competent evidence to support a claim against Fine Photos. Considering the circumstances, the trial judge did not abuse her discretion by granting Fine Photos' motion instead of requiring further time for discovery. The City's argument that this matter is not ripe for summary judgment is rejected.
Considering the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits provided, we find that there are no genuine issues of material fact regarding Fine Photo's liability as an abutting property owner for the alleged defect in the public sidewalk, and that it is entitled to summary judgment as a matter of law. Therefore, the trial court's judgment granting summary judgment and dismissing Ms. Beteta's claims against Fine Photos is affirmed. Ms. Beteta may proceed with her claims against the City.
AFFIRMED.