EDWIN A. LOMBARD, Judge.
| .Plaintiff, Johnell McCloud (“Ms. McCloud”), appeals the judgment of the trial court granting the motion for summary judgment filed by Defendants, Gemini Insurance Company, JLJ Construction, Inc. (“JLJ”), and Boh Brothers Construction Company, LLC (“Boh Brothers”). After a de novo review of the evidence in light of the relevant law, we affirm the trial court’s judgment.

Relevant Facts

The Housing Authority of New Orleans (“HANO”) contracted with Boh Brothers to perform general renovations to the St. Bernard Housing Development. Boh Brothers, in turn, subcontracted a portion of the construction project to JLJ. About six months into the project, on March 4, 2003, Ms. McCloud, a resident of the housing project, allegedly injured her ankle, lower back, stomach, and neck when she stepped into a muddy hole in a common courtyard of the housing development that was currently undergoing demolition and construction. After the accident, on August 12, 2003, Ms. McCloud filed suit against the instant Defendants, among others, for her injuries.
On May 2, 2007, Defendants moved for summary judgment, which came for hearing on November 9, 2007. The trial court granted Defendants’ motion, |2dismissing Ms. McCloud’s claims against these Defen *362 dants with prejudice. In granting Defendants’ motion for summary judgment, the trial court reasoned that Ms. McCloud was aware that the area had been under construction for six months and had been traversing the area every day during that time; hence, she should have been aware of her surroundings. The court also alluded to the fact that HANO, and not the Defendants, owed the duty to protect its tenant, Ms. McCloud.
On appeal, Ms. McCloud argues that the trial court erred in:
1. Failing to determine that there were genuine issues of triable fact;
2. Failing to conclude that Defendants neglected their duty to warn her of a hazardous condition located on their property; and
3. Failing to find comparative fault on the part of Defendants.

Law & Discussion

An appellate court reviews a trial court’s grant of summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Beteta v. City of New Orleans, 06-0972, p. 3 (La.App. 4 Cir. 1/10/07), 950 So.2d 862, 865, citing, Stewart v. ARA Leisure Services, Inc., 97-1926, p. 4 (La.App. 4 Cir. 10/29/97); 702 So.2d 75, 78. A motion for summary judgment will be granted if the “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to summary judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. La.Code Civ. Proc. art. 966(A)(2). “The burden of proof is with the movant to show that no genuine issue of material fact exists.” La Code Civ. Proc. art. 966(C)(2).
| aIf, as in this case, the movers will not bear the burden of proof at trial, their burden on the motion does not require them to negate all elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La Code Civ. Proc. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and the mover is entitled to summary judgment. Id.
There are two theories of liability available to a plaintiff who claims she was injured as a result of the condition of a thing; negligence, under Louisiana Civil Code Articles 2315 and 2316, and strict liability, under Louisiana Code Article 2317. Under both theories of liability, a plaintiff must prove that the condition of the thing presented an unreasonable risk of harm, or was defective, and that this condition of the thing was a cause-in-fact of her injuries. Seal v. State Farm Fire & Cas. Co., 00-2375, p. 10 (La.App. 4 Cir. 3/20/02), 816 So.2d 868, writ denied 02-1083 (La.6/14/02), 817 So.2d 1160. Both theories are analyzed under the duty/risk analysis. Schreiber v. Jewish Federation of Greater New Orleans, 02-0992, p. 8 (La.App. 4 Cir. 1/29/02), 839 So.2d 51, 55. The duty-risk analysis is employed on a case by case basis. Daye v. General Motors Corp., 97-1653, p. 7 (La.9/9/98), 720 So.2d 654, 659. Under this analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of the harm was within the scope of the *363 protection afforded by the duty breached. See ScJvreiber, supra, 02-0992, p. 8, 839 So.2d at 55.
At the hearing on the motion for summary judgment, Defendants did not dispute that they had custody of the construction site at the time of the accident, |4but they contended that an unreasonably dangerous condition did not exist for which it owed a duty of care to Ms. McCloud under the circumstances.
The existence of a duty is a question of law. Peterson v. Gibraltar Savings & Loan, 98-1601, 98-1609, p. 7 (La.5/18/99), 733 So.2d 1198, 1204 In general, the owner or occupier of land has a duty to keep the property in a reasonably safe condition. Giorgio v. Alliance Operating Corp., 05-0002, p. 17 (La.1/19/06), 921 So.2d 58, 71. This includes a duty to discover any unreasonably dangerous conditions on the premises and either correct the condition or warn potential victims of its existence. Madden v. Saik, 511 So.2d 855 (La.App. 4 Cir.1987) (emphasis added). Moreover, one doing construction work has a duty to properly label, mark, or barricade places in a construction site that present an unreasonable risk of harm to a passerby. Martin v. Boh Bros. Const. Co., LLC, 05-1300, p. 8 (La.App. 4 Cir. 6/7/06), 934 So.2d 196, 201.
To determine whether a risk is unreasonable, the court must balance the probability and magnitude of the risk against the utility of the thing. Orleans Parish School Bd. v. City of New Orleans, 91-0116, 91-0117 (La.App. 4 Cir. 8/29/91), 585 So.2d 643, 646, citing, Hunt v. City Stores, 387 So.2d 585 (La.1980). The probability of harm plus the gravity of the harm which may ensue must be balanced against the utility of the thing and its condition on the day of the accident. Id., citing, Bell v. State of Louisiana, 553 So.2d at 902. Moreover, not every minor imperfection or irregularity will give rise to strict liability; the defect must be of such a nature as to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Cuevas v. City of New Orleans, 99-2542, p. 8 (La.App. 4 Cir. 6/21/00), 769 So.2d 82, 87.
| .^Additionally, the degree to which a danger is evident to a potential victim is one factor in determining whether the condition is' unreasonably dangerous. Scamardo v. New Orleans Stevedoring Co., 90-1752 (La.App. 4 Cir. 3/17/92), 595 So.2d 1242,1247. A person who has custody of a thing may have no duty to protect against an open and obvious hazard; if the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. Pitre v. La. Tech Univ., 95-1466, 95-1487, p. 11 (La.5/10/96), 673 So.2d 585, 591. A landowner (or occupier) is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to a visitor as it was to the landowner. Nelson v. Thibaut HG Corp., 07-0515, p. 3 (La.App. 4 Cir. 4/23/08), 977 So.2d 1055, 1057.
Ms. McCloud alleges that the mud-filled hole in the construction site created an unreasonable risk of harm. After a de novo review of the evidence in light of the relevant law, we find that the mud-filled hole in this case did not constitute an unreasonable risk of harm to Ms. McCloud under the circumstances. Our brethren in other Louisiana appeals courts have found that similar holes were not “unreasonably dangerous” under certain circumstances. For example, in Bealer v. National Tea *364 Co., et al., 90-1141 (La.App. 3 Cir. 4/16/92), 597 So.2d 1242, the Third Circuit Court of Appeals found that a hole in a construction site did not create an unreasonable risk of harm to a delivery man who failed to act reasonably in seeing the hole. Similarly, in Maples v. Merrimack Mutual Fire Insurance Co., 567 So.2d 1178 (La.App. 3 Cir.1990), the Third Circuit held that ruts in an unimproved driveway did not constitute an unreasonable risk of harm. In Wood v. Cambridge Mutual Fire Insurance Co., 486 So.2d 1129 (La.App. 2 Cir. 1986), the ^Second Circuit found that a hole approximately six inches deep and two feet across on residential property did not create an unreasonable risk of harm. Finally, in Stone v. Trade-Mark Homes, Inc., 431 So.2d 61 (La.App. 1 Cir.1983), the First Circuit found that a hole three inches deep and seven inches in diameter on a vacant lot was not unreasonable.
Here, in order to recover, Ms. McCloud had to show that the probability and magnitude of harm outweighed the social utility of the thing. Ms. McCloud has not proven that the probability or magnitude of the risk of harm posed by this mud-filled hole in the area of the housing project that was under construction was very great. On the other hand, the social utility of the new construction was very high. The facts indicate that the probability and magnitude of harm were small compared to other risks in our society.
Moreover, Ms. McCloud was aware of the construction, since it had been going on right outside her back door for six months at the time of her accident. Although she could have used her front door and avoided the construction site, she had boarded up her front door and chose to use her back door making it necessary for her to traverse directly through the construction site, which was marked by barricades (although Ms. McCloud presented testimony that the barricade had been knocked down and was lying on its side at the time of the incident.) A pedestrian has a duty to observe what should be seen and is bound to observe her course to see if her pathway is clear. Callender v. City of New Orleans, 524 So.2d 136, 138 (La. App. 4 Cir.1988). Ms. McCloud was not a mere “passerby” or “visitor” with no knowledge that a dangerous condition existed. Clearly, the muddy hole that she allegedly stepped in was an open and obvious hazard that was as readily observed by Ms. McCloud as it was by the Defendants.
|7There are no genuine issues of material fact as to whether the Defendants had a duty to warn Ms. McCloud of this open and obvious hole in the construction site and Defendants are entitled to summary judgment as a matter of law. Accordingly, the trial court’s judgment granting Defendants’ motion for summary judgment is affirmed.
AFFIRMED.