ROLAND L. BELSOME, Judge.
11Plaintiff/Appellant, Ivonne Beteta (Ms. Beteta), appeals the trial court’s judgment granting summary judgment in favor of Defendant/Appellee, the City of New Orleans (the City). For the following reasons, we affirm.
STATEMENT OF THE FACTS/PROCEDURAL HISTORY
On July 11, 2003, Ms. Beteta tripped on a metal hook embedded in the concrete sidewalk located in the 600 block of Bien-ville Street, New Orleans. The sidewalk is adjacent to Fine Photos d/b/a A Gallery of Fine Photography in the French Quarter. As a result of tripping on the metal hook, Ms. Beteta fell and sustained injuries.
Ms. Beteta filed suit against the City and by amended petition, added Fine Photos. Fine Photos filed a motion for summary judgment, which was granted by the trial court and affirmed by this Court. Beteta v. City of New Orleans, 2006-0972, p. 5 (La.App. 4 Cir. 1/10/07), 950 So.2d 862, 866. Thereafter, the City filed a motion *910 for summary judgment. After a hearing, the trial court granted the City’s motion for summary judgment, dismissing Ms. Beteta’s petition. This appeal followed.
| ¡^STANDARD OF REVIEW
Appellate courts review grants of summary judgment de novo, using the same criteria as the trial court. Summary judgment is appropriate if an assessment of the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact. La. C.C.P. art. 966(B).
LAW AND ANALYSIS
Louisiana law provides two theories under which a public entity may be found liable for damages suffered as a result of an injury: 1) negligence, under La. Civ. Code art. 2315, and 2) strict liability, under La. R.S. 9:2800. Under either theory of recovery, the burden of proof is the same. Lee v. State Through Dep’t of Transp. and Den, 97-0350, p. 3 (La.10/21/97), 701 So.2d 676, 679.
In order to prevail on a claim against a public entity, such as the City, for injuries arising out of defect in or on public property, as alleged in this case, a plaintiff must establish: (1) the public entity’s custody or ownership of the defective thing; (2) that the defect created an unreasonable risk of harm; (3) the public entity’s actual or constructive notice of the defect and failure to take corrective action within a reasonable time; and (4) causation. Joseph v. City of New Orleans, 2002-1996, p. 3 (La.App. 4 Cir. 3/5/03), 842 So.2d 420, 423; La. R.S. 9:2800.
The City’s motion for summary judgment relied on the lack of actual or constructive notice of the metal hook. To succeed on summary judgment, the law requires the City prove an absence of factual support for one of the elements essential to Ms. Beteta’s claim. La. C.C.P. art. 966(C)(2). In support of its assertion of a lack of actual or constructive notice, the City presented the affidavit |3of Karen E. Stemley-Hayes, a Management Development Specialist II for the Department of Public Works for the City. The Stemley-Hayes affidavit stated that she reviewed the complaint repair records for the 600 block of Bienville Street and found no documentation of any complaints, repairs or maintenance from March 1, 2001, to May 12, 2004. Hence, the City avowed that it had no actual notice during that time period.
The City also argued a lack of constructive notice. “Constructive notice” is defined as “the existence of facts which infer actual knowledge.” La. R.S. 9:2800(D). Constructive notice can be found to exist when “the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury.” Joseph, 2002-1996, p. 9, 842 So.2d at 426, citing Maldonado v. Louisiana Superdome Comm’n, 95-2490, p. 7 (La.App. 4 Cir. 1/22/97), 687 So.2d 1087, 1092.
On appeal, Ms. Beteta raises two arguments. First, Ms. Beteta maintains that the trial court erred in granting the summary judgment as the City had actual or constructive notice of the defect and failed to take corrective action within a reasonable time. Alternatively, Ms. Beteta argues that the City is liable under La. R.S. 9:2800(B).[1] Because there is no evidence *911 in the record that Ms. Beteta raised this issue in the proceedings below, this Court will not consider it for the first time on appeal. See Uniform rules, Courts of Appeal, Rule 1-3; and Boudreaux v. State, Department of Transportation and Development, 01-1329, p. 2 (La.2/26/02), 815 So.2d 7, 9.
|4In support of her contention that the City had actual or constructive notice of the existence of the metal hook, Ms. Bete-ta presented answers from the City to her Request for Admissions, acknowledging its custody and maintenance of the sidewalk located in the 600 block of Bienville Street, New Orleans. She also submitted answers to interrogatories, in which the City revealed that after this lawsuit was filed a sanitation department employee identified the object Ms. Beteta tripped on as a stabilizing brace used to support poles of a torn down balcony. Ms. Beteta also submitted the affidavit of Mr. Pailet, which stated there was no balcony on the building as of July 2001 when Fine Photos moved to that location. Mr. Pailet claimed that there were “horse-head” poles in place on the surrounding sidewalk in July 2001 and he did not install or “remove, repair, modify, replace or otherwise alter the poles that were in place in the sidewalk.”
The statements offered in opposition to the summary judgment, taken individually or collectively, do not refute the City’s denial of notice or establish that the City, by the exercise of ordinary care and diligence, must have known of its existence and failed to guard the public from injury. Therefore, without proof that a genuine issue of material fact exists regarding the actual or constructive notice of the hazardous condition, Ms. Beteta lacks the required factual support to prove an essential element of her claim and therefore cannot overcome the City’s motion for summary judgment.
CONCLUSION
Based on the record before this Court, we affirm the decision of the trial court granting the motion for summary judgment.
AFFIRMED.

. La. R.S. 9:2800(B) provides the state will not be liable for constructions placed upon public property by someone other than the state unless the state takes control or and utilizes the improvement for the state’s benefit and use.