BELSOME, Judge.
 

 _|jOn January 24, 2005, Mr. Dede, an employee of Cox Communications of New Orleans, was dispatched to a building, owned and controlled by FSA, to install a new high-speed internet line. Mr. Dede was escorted to the computer room, on the third floor of the building, by FSA’s employee, Mr. Jonathan Quant. When Mr. Dede entered the room to assess where the internet line should be run he fell into a hole in the floor.
 

 As a result of the fall, Mr. Dede suffered a left rotator cuff tear, which necessitated surgery and ultimately resulted in an early retirement from Cox Communications. Before trial commenced, the parties agreed that $237,500.00 in general and special damages would be paid by FSA to Mr. and Mrs. Dede, subject to the jury’s determination of liability.
 

 Upon the completion of trial, the jury returned a verdict finding FSA solely at fault for Mr. Dede’s accident. FSA filed this appeal.
 

 [{¡On appeal FSA argues that the trial court erred when it did not incorporate FSA’s proposed jury instructions concerning open and obvious defects. FSA also contends that the jury erred when it failed to apportion any fault to Mr. Dede.
 

 FSA sought to have two statements of law regarding open and obvious defects incorporated into the jury instructions. The statements read as follows:
 

 The obviousness and apparentness of a potentially dangerous condition are relevant factors to consider under the duty risk analysis. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous, and defendant may owe no duty to the plaintiff.
 
 Stiebing v. Romero,
 
 07-723, p. 7 (La.App. 5 Cir. 12/27/07); 974 So.2d 752, 757.
 

 A land owner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to a visitor as it was the land owner.
 
 Ardoin v. Lewisburg Water System,
 
 07-180, p. 3 (La.App. 3 Cir. 7/18/07); 963 So.2d 1049, 1051.
 

 The trial court stated that it omitted the suggested instructions because the issue was covered in the general negligence instruction
 
 [1]
 
 .
 

 
 *529
 
 When deficiencies in the jury instructions are raised on appeal, this Court must look to the “gravity or degree of error and considering the instruction as a whole and the circumstances of the case.”
 
 Clarkston v. Louisiana Farm Bureau Cas. Ins. Co.,
 
 07-158, p. 23 (La.App. 4 Cir. 7/2/08); 989 So.2d 164, 181-82 (citing
 
 Seal v. State Farm Fire Cas. Co.,
 
 00-2375, p. 4 (La.App. 4 Cir. 3/20/02), 816 So.2d 868, 871-72). On appeal the jury charges presented to the jury are considered in their entirety to determine if they adequately provide the proper principles of law applicable to the issues presented in the case.
 
 Clarkston,
 
 p. 23; 989 So.2d 182. A
 
 “[d
 
 ]e
 
 novo
 
 review of the record is only warranted when the jury charges are so incorrect or inadequate that the jury was barred from reaching a verdict based on the law and the facts.”
 
 Id.
 
 Otherwise, this Court applies the manifest error standard of review to determine if the trial court erroneously omitted the requested instructions.
 
 Id.
 
 Further, this Court will not disturb a jury’s apportionment of fault unless it is clearly wrong or manifestly erroneous.
 
 Clement v. Frey,
 
 95-1119 (La.1/16/96), 666 So.2d 607, 609-610.
 

 In the instant case the jury was fully and accurately charged with the plaintiffs’ burden of proof
 
 [2]
 
 as well as the legal standards for negligence
 
 [3]
 
 and comparative fault
 
 [4]
 
 . The charges clearly explain those principles of law as they apply to the instant case. FSA claims that the omission of its suggested charges prevented the jury from understanding that FSA could be found free of fault. We ^disagree. There was no error on the part of the trial court. The charges presented to the jury contained all the relevant legal principles on which the jury needed to rely. Moreover, the statements of law asserted in the requested charges were inconsistent with the facts and evidence presented at trial.
 

 A plaintiff claiming injury as the result of the condition of a thing, whether under a strict liability theory or negligence
 
 *530
 
 liability theory, must prove that the condition of the thing presented an unreasonable risk of harm, was defective, and was a cause-in-fact of the injuries.
 
 McCloud v. Housing Authority of New Orleans,
 
 08-0094, p. 3 (La.App. 4 Cir. 6/11/08), 987 So.2d 360, 362 (citing
 
 Seal v. State Farm Fire & Cas. Co.,
 
 00-2375, p. 10 (La.App. 4 Cir. 3/20/02), 816 So.2d 868, 875). The duty/risk analysis must be applied to make this determination.
 
 McCloud,
 
 p.3; 987 So.2d at 363.
 

 Under the duty/risk analysis, Mr. Dede must establish that FSA owed him a duty that it breached, which resulted in his injuries. A landowner or custodian of property has the duty to keep the property in a reasonably safe condition. La. C.C. art. 2317.1. Included in that duty is a duty to correct the condition or warn potential victims that it exists.
 
 McCloud,
 
 p. 4; 987 So.2d at 363. When determining if a risk is unreasonable, this Court balances the probability and magnitude of risk against the thing’s utility, while also considering the degree to which the danger is evident.
 
 Id.
 

 It is uncontradicted that Mr. Dede was injured while on FSA’s premises to install wiring for internet connection. He was escorted by FSA’s employee, Mr. Quant, to a third floor room which contained computer wiring. Mr. Dede testified that while entering the room he was assessing the back wall to best determine | ¿where to run the wire. Immediately thereafter, he fell into a hole in the floor. He further testified that Mr. Quant, who knew the hole existed, did not caution him prior to entering the room. Given Mr. Dede’s purpose for being on the premises, the fact that he was looking to the back wall rather than the floor was not unreasonable. However, we do find that Mr. Quant’s failure to warn Mr. Dede was a breach of FSA’s duty.
 

 FSA utilized the hole to house various wires running between the third floor and the second floor. At trial it was shown that a portion of the hole had been sealed with a plate that provided a small opening for wires to be run. It was uncontested that such a plate could have been placed on the other section of the hole minimizing the risk, but was not. There was no proof offered at trial to support the theory that the utility of the defect outweighed its danger. The evidence did however establish that the hole was not visible from the doorway and would therefore not be evident to someone entering the room. Thus, the existence of the hole clearly created an unreasonably dangerous condition. After listening to the testimony and reviewing the evidence, the jury found FSA to be solely at fault for Mr. Dede’s accident and subsequent injuries. Likewise, we are not persuaded by FSA’s arguments that Mr. Dede was in any way the cause in fact of this accident.
 

 Therefore, for the reasons discussed, the trial court judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Negligence is conduct which falls below the standard established by law for the protection of others against an unreasonable risk of harm. A person is negligent if he failed to act as a reasonably prudent person ordinarily would act under like circumstances.
 

 Malice, ill will, or intent, are not necessary elements of negligence. Thus you may find that the defendant's conduct was negligent, there is no fixed rule. It is to be determined from the facts and circumstances that existed at the time the incident occurred.
 
 Ultimately, the determination of a person’s negligence is based on reasonableness and if you should conclude, that a person acted as a reasonable and prudent person under the circumstances,
 
 
 *529
 

 then a person cannot be found to be negligent.
 
 The plaintiff, Mr. Dede, alleges that the defendant, FSA, LLC, was negligent and therefore is liable for the damages the plaintiff sustained arising from the accident or incident specifically described. You
 
 may
 
 find liability on the part of FSA, LLC
 
 if
 
 you determine that it failed to act in a reasonable manner, (emphasis added).
 

 [2]
 

 . Burden of proof charge reads in pertinent part:
 

 The fault of a party is an affirmative fact which is not presumed, but must be proven by the party who alleges it. This being a civil case, the facts need not be proven beyond a reasonable doubt as in a criminal case, but only by a preponderance of the evidence ...
 

 In determining whether any fact at issue has been proved by a preponderance of the evidence in this case, you, the jury should consider the testimony of all of the witnesses ... and all of the exhibits....
 

 [[Image here]]
 

 Therefore, in a civil action such as this,
 
 it is proper for you, the jury, to find that a litigant or the plaintiff has succeeded in carrying his/her burden ofproof of an issue of fact
 
 if after consideration of all the evidence in the case, you the jurors, believe that what is sought to be proved is more likely than not true ... (emphasis added).
 

 [3]
 

 . See footnote 1.
 

 [4]
 

 . Comparative fault charge reads in pertinent part:
 

 By the defense of comparative fault, the defendant claims that the plaintiff by the plaintiff's own failure to use ordinary care under the circumstances for his or her own safety contributed to the injuries and damages the plaintiff may have suffered. The burden is on the defendant alleging the defense of comparative fault to prove by a preponderance of the evidence that the plaintiff was at fault and that such fault was a cause in fact of the accident or incident
 

 [[Image here]]