STEPHEN AMEDEE & TANYA AMEDEE

VERSUS

AIMBRIDGE HOSPITALITY LLC D/B/A EMBASSY SUITES NEW ORLEANS & THE CITY OF NEW ORLEANS

\* \* \* \* \* \* \*

NO. 2020-CA-0590

COURT OF APPEAL

FOURTH CIRCUIT

STATE OF LOUISIANA

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-00008, DIVISION "F"
Honorable Christopher J. Bruno, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
**ON REMAND FROM THE LOUISIANA SUPREME COURT**

(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Joseph S. Piacun
Reid S. Uzee
GENNUSA PIACUN
4405 North I-10 Service Road
Suite 200
Metairie, LA 70006
        COUNSEL FOR PLAINTIFF/APPELLEE

Renee Goudeau
Corwin M. St. Raymond
Donesia D. Turner
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
Room 5E03
New Orleans, LA 70112
        COUNSEL FOR DEFENDANT/APPELLEE

Ralph J. Aucoin, Jr.
Guy Dugue Perrier
Kristopher M. Gould
PERRIER & LACOSTE, LLC
365 Canal Street, Suite 2550
New Orleans, LA 70130
        COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**DECEMBER 16, 2022**

SCJ
TGC
DNA

This matter comes before this Court pursuant to an order of remand from the Louisiana Supreme Court. *See Amedee v. Aimbridge Hosp. LLC*, 2021-01906 (La. 10/1/22), ---So.3d ----, 2022 WL 12338929. In its order, the Supreme Court instructed this Court to consider the merits of Premium Parking's appeal. Appellant, Premium Parking of South Texas, LLC ("Premium Parking"), seeks review of the trial court's August 3, 2020 grant of summary judgment in favor of appellee, the City of New Orleans (the "City"), dismissing the plaintiff, Stephen Amedee's ("Mr. Amedee") claims against the City with prejudice. For the foregoing reasons, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises from an alleged trip and fall incident that occurred on South Peters Street adjacent to the Embassy Suites Hotel on or about January 17, 2016. Mr. Amedee filed his petition for damages, naming Aimbridge Hospitality, LLC d/b/a Embassy Suites New Orleans and the City as defendants. Thereafter, in a second supplemental and amended petition, Mr. Amedee added Premium Parking, Block by Block, L.L.C., and Downtown Development Unlimited as defendants.

1

Mr. Amedee alleged that while he was walking on the sidewalk adjacent to the Embassy Suites Hotel, he tripped and fell on an uneven and raised brick, and his right hand struck a metallic object located within the driveway entrance.

On March 16, 2020, the City filed its motion for summary judgment arguing that it did not have actual or constructive notice of the sidewalk's alleged defect and that it was not responsible for metal debris in the driveway of the Embassy Suites Hotel. The motion was opposed by Premium Parking.

On March 20, 2020, Premium Parking filed its third motion for summary judgment arguing that it did not have actual or constructive notice of the alleged vice or defect. On July 31, 2020, the trial court held a hearing on the motions for summary judgment. On August 3, 2020, the trial court granted the City's motion for summary judgment and dismissed plaintiff's claims against the City with prejudice, and denied Premium Parking's motion for summary judgment. Premium Parking appealed.

Following oral argument, this Court issued an order for the parties to submit post-argument briefs on the narrow issue of a co-defendant's right to appeal a trial court's judgment dismissing another co-defendant from the suit. On December 1, 2021, this Court dismissed Premium Parking's appeal. *Amedee v. Aimbridge Hosp. LLC*, 2020-0590 (La. App. 4 Cir. 12/1/21), 332 So.3d 212, writ granted, 2021-01906 (La. 4/5/22), 335 So.3d 248, and *rev'd and remanded*, 2021-01906 (La. 10/1/22).

Thereafter, Premium Parking filed a writ of certiorari with the Louisiana Supreme Court, which granted the writ. *Amedee v. Aimbridge Hosp. LLC*, 2021-01906 (La. 4/5/22), 335 So.3d 248. On October 21, 2022, the Supreme Court reversed this Court's finding that a defendant does not have the right to appeal a

co-defendant's dismissal on summary judgment when the plaintiff failed to appeal. *Amedee*, 2021-01906 (La. 10/1/22), ---So.3d ----, 2022 WL 12338929. The Supreme Court found that a defendant who pleads the affirmative defense of comparative fault may appeal a summary judgment dismissing a co-defendant, even absent an appeal by a plaintiff. Accordingly, the Supreme Court remanded this matter to this Court for consideration of the appeal on the merits.

**STANDARD OF REVIEW**

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980 (quoting *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 2012-0095, p. 5 (La. App. 4 Cir. 8/28/13), 123 So.3d 787, 790). Accordingly, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

**Burden of Proof**

La. C.C.P. art. 966(D)(1) governs the mover's burden on a motion for summary judgment:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the

adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

**DISCUSSION**

On appeal, Premium Parking argues that the trial court erred in dismissing the City from the suit. Premium Parking asserts two assignments of error:

1) The trial court's finding regarding the absence of constructive notice is inconsistent with other rulings by the trial court on the same issue.

2) The trial court erred in dismissing the City based on undisputed facts and legal authority when the City was responsible for the condition of the property at issue.

*Assignment of Error No. 1: Constructive Notice*

Premium Parking argues that the evidence submitted by the City in support of its motion for summary judgment does not provide any information regarding the City's policies and procedures for inspecting sidewalks and performing maintenance on sidewalks. Premium Parking further argues that the trial court's finding regarding the absence of evidence that the City had constructive notice is inconsistent with the trial court's prior rulings denying summary judgment in favor of Premium Parking. Premium Parking expounds that it presented similar evidence as the City regarding the absence of any record showing prior notice of any defect, and the trial court denied its motion for summary judgment because of the absence of any log showing an inspection occurred on the date in question and that no defects were noted.

The primary focus of the City's motion for summary judgment was that the City did not have actual or constructive notice of the alleged defect pursuant to La. R.S. 9:2800. The City also argued that the alleged defect did not present an

4

unreasonable risk of harm and it is not responsible for the metal debris in the driveway of the Embassy Suites Hotel.[1]

In order to prevail on a claim against a public entity, such as the City, for injuries arising out of defect on public sidewalk, the plaintiff must establish: 1) the public entity's custody or ownership of the defective thing; 2) the defect created an unreasonable risk of harm; 3) the public entity's actual or constructive notice of the defect and failure to take corrective action within reasonable time; and 4) causation. *Beteta v. City of New Orleans*, 2008-0542, p. 2 (La. App. 4 Cir. 1/28/09), 4 So.3d 908, 910 (citing *Joseph v. City of New Orleans*, 2002-1996, p. 3 (La. App. 4 Cir. 3/5/03), 842 So.2d 420, 42); La. R.S. 9:2800.

The City's motion for summary judgment relied on the lack of evidence that the City had constructive notice of the sidewalk's defect. To succeed on summary judgment, the burden of proof does not require the City to disprove all of the elements of Mr. Amedee's claim, but an absence of factual support for one of the essential elements. Once the City has made a prima facie showing that the motion should be granted, the burden shifted to the adverse party to present evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *See* La. C.C.P. art. 966(D)(1).

Here, the City offered as exhibits, in support of its motion for summary judgment, the June 20, 2017 deposition of Mr. Amedee and the affidavit of Yolanda Beavers-Brown. Mr. Amedee testified that he walked on the defective sidewalk once and that it looked like the brick was recently damaged. Mr. Amedee

---

[1] The trial court granted the City's motion for summary judgment on the notice issue and did not consider the City's alternative arguments.

further testified that he had no knowledge of anyone who may have contacted the City about the loose brick on the sidewalk.

Ms. Brown attested that she is a management development specialist for the City's Department of Public Works. She testified that she researched the Department of Public Works-Maintenance Division complaint and repair records regarding the brick sidewalk located at South Peters Street, between Julia and Notre Dame Streets, by the Embassy Suites Hotel from January 1, 2013 to January 18, 2016, a period which includes the date of the alleged incident, January 17, 2016. Ms. Brown further testified that based on her research, there was no documentation of any complaints, repairs, or work orders regarding the brick sidewalk at that location prior to the date of the incident.

In opposition to the motion for summary judgment, Premium Parking provided that it limited its opposition to the City's assertion that it was not responsible for the metal debris in the driveway of the Embassy Suites Hotel. Premium Parking noted that it took no position with respect to the City's assertion that the alleged defect did not present an unreasonable risk of harm and the City did not have actual or constructive notice of the alleged defect. Premium Parking argued that summary judgment was not appropriate because there were disputed facts of whether any metallic or other object existed in the driveway.

Premium Parking presented its employee, Michael Alwert's deposition, in which he testified that he was not notified of any metallic object in the driveway, he did not see Mr. Amedee trip and fall, and he was unaware of any incidents or people falling in or around the parking garage before January 17, 2016. Premium Parking submitted the City's answers to interrogatories, in which the City revealed that it owns the sidewalk and the Downtown Development District, a separate

entity from the City is responsible for cleaning all of the sidewalks within boundaries as codified in La. R.S. 33:2740.3(A).[2] Premium Parking also submitted the affidavit of land surveyor, Louis C. Hartsmann, which stated that he determined that the sidewalk where Mr. Amedee allegedly fell is part of the right of way for the adjacent street, which is owned and controlled by the City of New Orleans.

The supporting documents offered in opposition to the City's summary judgment does not refute the City's denial of notice or establish that the City had notice of the alleged metallic object on the sidewalk and failed to take corrective action within reasonable time. Therefore, without proof that a genuine issue of material fact exists regarding the actual or constructive notice of the defective and hazardous condition, Premium Parking lacks the required factual support to overcome the City's motion for summary judgment.

Premium Parking's assertion that the trial court made inconsistent rulings when it granted the City's motion for summary judgment, but denied Premium Parking's summary judgment based on the same constructive notice argument is

_____

[2] La. R.S. 33:2740.3(A) provides in pertinent part:

> There shall be, and there hereby is, created a special taxing district within the city of New Orleans comprised of all the territory within the following prescribed boundaries:

> The point of beginning shall be at the intersection of the east bank of the Mississippi River and the Mississippi River Bridge approaches and Pontchartrain Expressway: thence continuing along the upper line of the Pontchartrain Expressway right-of-way less and except ramp areas, and in a northwesterly direction to the lake side right-of-way line of Claiborne Avenue; thence northeasterly along the lake side of said right-of-way line of Claiborne Avenue to the lower right-of-way line of Iberville Street; thence along the said lower right-of-way line of Iberville Street to the east bank of the Mississippi River; thence continuing along the east bank of said river to the upper right-of-way line of the Mississippi River Bridge approaches and Pontchartrain Expressway, being the point of beginning.

misplaced. The record reveals that in opposition to Premium Parking's motion for summary judgment, Mr. Amedee argued that the sole issue of Premium Parking's motion is notice, however, Premium Parking had a contractual duty to maintain and clean the hotel driveway entrance to its parking garage. Mr. Amedee submitted the deposition of Mr. Alwert, in which he testified that he was unaware of whether he worked on the date of the incident. Mr. Alwert also testified that if he saw debris in the driveway, he would have picked it up. Mr. Amedee also submitted the deposition of Premium Parking's corporate representative, William Couret, in which he attested that the driveway is not an entrance to the parking garage even though it is the only way that vehicles may enter. Further, Mr. Amedee provided the staffing agreement between Premium Parking and Embassy Suites, which outlined Premium Parking's duty to maintain the proper appearance of the entrance of the valet and parking areas at the hotel by keeping the area clear of trash or debris. We find that the facts and issues presented in Premium Parking's motion for summary judgment differed from that of the City's motion for summary judgment. Consequently, the trial court's denial of Premium Parking's motion for summary judgment does not negate that no evidence was presented to establish that a genuine issue of material fact exists regarding the City's actual or constructive notice. Accordingly, the trial court did not err in granting summary judgment in favor of the City.

*Assignment of Error No. 2: The responsible party for the defective sidewalk*

Next, Premium Parking argues that the City is responsible for the condition of the sidewalk and adjoining driveway. Premium Parking further argues that it is egregious that the City was dismissed from the suit because the City owned the sidewalk and driveway where the alleged incident occurred. In light of finding that

no genuine issue of material fact exist regarding the City having actual or constructive notice of the defective condition, we find no merit in this assignment of error.

**CONCLUSION**

For the reasons assigned, we affirm the trial court's August 3, 2020 judgment granting summary judgment in favor of the City and dismissing plaintiff's claims against the City with prejudice.