938 So.2d 118 (2006)
Alvin BARROW
v.
Loraine B. BROWNELL and Allstate Insurance Company.
No. 2005-CA-1627.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*119 Anthony T. Marshall, Anthony T. Marshall & Associates, Gonzales, Counsel for Plaintiff/Appellant.
*120 C. Shannon Hardy, Penny & Hardy Law Firm, Lafayette, Counsel for Defendants/Appellees.
Panel composed of Judges Ad Hoc THOMAS F. DALEY, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge Ad Hoc.
Plaintiff, Alvin Barrow, appeals from a decision of the trial court granting summary judgment in favor of defendants, Loraine B. Brownell and Allstate Insurance Company, dismissing all of his claims against them. For the reasons that follow, we affirm the decision of the trial court.
Plaintiff filed suit alleging that he was an invited manual laborer at defendant Ms. Brownell's home. On January 4, 2002, he was seriously injured when he fell off a ladder while in the process of taking down Christmas lights. He alleged that his injuries were caused by Ms. Brownell's "negligence in failing to maintain premises and/or ladder in safe condition; failing to maintain a proper lookout, creating and fostering and unreasonable risk of harm, and other acts of negligence and/or strict liability." Allstate Insurance Company was the homeowner's liability insurance carrier at the time of the accident.
Defendants filed a motion for summary judgment alleging that that there were no material facts at issue. They contend that the undisputed facts showed that the accident was caused solely by plaintiff's negligence, and that there was absolutely no evidence to show that Ms. Brownell caused and/or contributed to plaintiff's accident. Defendants attached plaintiff's deposition testimony in support of their motion for summary judgment. Thus defendants presented the material facts, as set forth by the plaintiff himself, in support of their motion for summary judgment.
Plaintiff, in his deposition, stated that he started working for the Brownells in 1985, as a general handyman. Dr. Brownell died in 1988, and plaintiff continued to work for Ms. Brownell, maintaining the property, cutting grass and performing other tasks. For the last seventeen years, his jobs included hanging and removing the Christmas lights used to decorate the Brownell house. He always performed these tasks alone, and used the same ladder.
Ms. Brownell had requested that he remove the lights several times prior to the accident. He told her that the weather was "cold," but she told him to do it anyway. He admitted in his deposition that he did not tell her he thought the weather conditions were dangerous. Plaintiff removed all but one of the strings of light, working his way from the side of the house to the front. He went up and down the ladder many times during the course of this job and he continuously moved the ladder alone. While he was removing the lights, Ms. Brownell was inside the house, and she did not assist in any way.
At the front of the house, plaintiff placed the ladder on the walkway so that he could remove the lights on the roof by the porch. The bottom of the ladder had rubber pads. He tested the ladder several times by shaking it, to make sure that it was safe. The ladder was leaning against the roof, with five rungs above the roof line.
He climbed the ladder and the got off of it and onto the roof. After removing the lights, he got back on to descend. He placed his left foot on a rung even with the roof top, and then put his left arm on the top of the ladder. He put his other foot on the rung. Then he placed his other arm on the top of the ladder, and leaned forward, placing his weight on the ladder. *121 The bottom of the ladder slid outward, causing both he and the ladder to fall.
The pictures of the ladder attached to plaintiff's deposition show a bend in the ladder, but plaintiff admitted that the bend was caused by him falling on the ladder, and that it did not exist prior to the accident.
In the deposition, plaintiff stated that he tested the ladder and found it to be safe, and that if he had thought it was not safe he would have found another way to get to the lights. He also admitted that he did not ask for assistance at any time while taking the lights down. Ms. Brownell did not tell him how to perform the requested task; it was solely his decision as to how and where to place the ladder. He further admitted that he told Ms. Brownell that the weather was cold, but he did not tell her that he thought that it was unsafe. Furthermore, he did not explain how the weather being cold caused the ladder to slip.
After consideration, the trial court granted summary judgment, finding that
There is not a material question of fact that Mrs. Brownell in this case did not have any duty and did not breach any duty; and that Mr. Barrow in fact is the sole person who decided when, where, and how to do this job. And as a result of the manner in which he did the job, there was an accident. But that accident is in no way related to any negligence before the court for Mrs. Brownell.
In this appeal, plaintiff alleges that the trial court erred in finding that there were no questions of material fact. He contends that the issue of Ms. Brownell's negligence, in telling him to do the job under dangerous conditions, is in dispute. He alleges his cause of action arises under LSA-C.C. arts. 2315, 2316, and 2317.1.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action. . . ." La. C.C.P. art. 966(A)(2).
The burden of proof is on the moving party. La. C.C.P. art. 966(C)(2). However, if the moving party will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the moving party's burden on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. Thereafter, the adverse party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial. Failure to do so shows that there is no genuine issue of material fact. Id.
This Court's review of a grant or denial of a motion for summary judgment is de novo. Thus, we ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1; Jones v. Estate of Santiago, 03-1424, (La.4/14/04), 870 So.2d 1002.
In Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750-751 the Louisiana Supreme Court said:
A "genuine issue" is a "triable issue." More precisely, "[a]n issue is genuine if *122 reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact."
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. (Citations omitted).
The mere fact that an accident occurs, absent a res ipsa loquitur situation, does not give rise to even a presumption of negligence. Fault is determined by asking the question: How would a reasonably prudent individual have acted or what precautions would he have taken under the same or similar circumstances? Negligent conduct is determined in the light of the facts and environmental circumstances of each case. Pitre v. Employers Liability Assur. Corp., 234 So.2d 847 (La.App. 1 Cir. Apr 13, 1970), writ denied 256 La. 617, 237 So.2d 398 (La. Jun 29, 1970).
LSA-C.C. art. 2315A provides that "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LSA-C.C. art. 2316 states that "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
La. C.C. arts. 2315 and 2316 make all persons responsible for damages caused by their negligence. In order to determine whether liability exists under the facts of a particular case, a duty-risk analysis is used. The relevant inquiries are:
(1) Did the defendant(s) owe a duty to the plaintiff?
(2) Were the requisite duties breached?
(3) Was the conduct of which the plaintiff complains a cause-in-fact of the resulting harm?
(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
(5) Were actual damages sustained?
Moory v. Allstate Ins. Co., 04-0319 (La. App. 1 Cir. 2/11/05), 906 So.2d 474, writ denied, 05-0668 (La.4/29/05), 901 So.2d 1076, citing Mathieu v. Imperial Toy Corp., 94-0952, (La.11/30/94), 646 So.2d 318, 321-322. A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Id.
Our initial inquiry is whether Ms. Brownell owed a duty to plaintiff in this case. Whether a duty is owed is a question of law. Creel v. Southern Natural Gas Co., 03-2761 (La.App. 1 Cir. 10/14/05), 917 So.2d 491.
As the trial court stated, plaintiff alone decided when, where and how to do this job, and that his accident happened as a result of the manner in which he did the job. Ms. Brownell did not breach any duty, and the accident was not related to any negligence on the part of Ms. Brownell.
LSA-C.C. art. 2317.1 provides that:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing *123 that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
A defect is a condition that creates an unreasonable risk of harm to persons on the premises. Lee v. Magnolia Garden Apartments, 96-1328 (La.App. 1 Cir. 5/9/97), 694 So.2d 1142, writ denied, 97-1544 (La.9/26/97), 701 So.2d 990. In this case, plaintiff's only allegation of a defect is that it was cold outside. This is insufficient to establish a defective condition in the property.
In brief to this court, plaintiff argues that there was a question of fact because he was "basically forced to take down Christmas lights from the defendant's home despite the fact that he did not think that the conditions were safe . . ." However, plaintiff fails to provide evidence to show how the weather conditions contributed to the accident. To the contrary, plaintiff himself testified that he checked the ladder several times before making his assent, and that if he had thought the ladder was unsafe, he would have found another way to finish the job. We therefore find that the trial court did not err in granting summary judgment.
For the above discussed reasons, the decision of the trial court granting summary judgment in favor of defendants, and dismissing plaintiff's claims against them, is affirmed. All costs are assessed to plaintiff/appellant.
AFFIRMED.