990 So.2d 739 (2008)
Samuel and Joell GRIFFITH
v.
UNIVERSAL FURNITURE HOUSE, INC.
No. 2007-CA-1551.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 2008.
Rehearing Denied September 17, 2008.
David A. Dalia, and Lawrence Blake Jones, Scheuermann & Jones, New Orleans, LA, for Plaintiffs/Appellants.
*740 Charles R. Capdeville, Law Office of Robert E. Birtel, Metairie, LA, for Ashley Furniture Industries, Inc.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
Plaintiffs appeal the granting of an exception of prescription and purport to appeal more than the "recent judgment" alluded to in their order granting an appeal. For the following reasons, we affirm the trial court.
On October 15, 2000, Mr. Samuel Griffith visited the Universal Furniture House, Inc. ("Universal") store. While there plaintiff alleges an employee invited him to sit in a model display chair. Plaintiff sat in the chair and it collapsed causing him injuries. Specifically, plaintiff alleges that the fall re-injured his back by unjoining a prior fusion performed under surgery.
On October 22, 2001, plaintiffs, Mr. and Mrs. Griffith, timely filed suit against Universal Furniture. On December 18, 2001, Universal answered and filed a third party demand against Ashley Furniture Industries, Inc. ("Ashley"), the manufacturer of the chair.
On August 13, 2003, Universal filed a motion for summary judgment. On December 4, 2003, plaintiffs' First Amended Petition for Damages added Ashley as a defendant to this action.
On December 30, 2003, the trial court granted Universal's motion for summary judgment. On January 10, 2005, plaintiffs sought relief from this judgment in a writ application to this Court which was denied as untimely. This judgment dismissing Universal with prejudice was not designated as a final judgment.
On April 9, 2004, Ashley filed a peremptory exception of prescription. On October 5, 2004, the trial court granted a judgment of prescription in favor of Ashley. On October 18, 2004, plaintiffs filed a motion for reconsideration of ruling on exception. On July 28, 2005, the trial court issued a judgment denying the motion for reconsideration.
On October 18, 2005, plaintiffs filed a motion for appeal which states in relevant part:
NOW INTO COURT, through undersigned counsel, come Petitioners, Samuel and Joell Griffith, plaintiffs, who respectfully move this Court to grant a devolutive appeal from the final judgment recently rendered in this matter, as said judgment is clearly contrary to the law and evidence. This Motion for Appeal is timely filed within the civil extensions granted by the Governor on account of the devastating effects of Hurricane Katrina. Plaintiffs are former residents of Empire, Louisiana.
[Emphasis added.]
On November 4, 2005, plaintiffs' order of appeal was granted.
On October 23, 2006, Ashley filed a motion to traverse the plaintiffs right to proceed in forma pauperis, as it alleged plaintiffs were financially able to pay the costs of the appeal. This was plaintiffs second order permitting them to proceed in forma pauperis since 2001. On March 9, 2007, the trial court denied Ashley's Motion to Traverse.

DISCUSSION
First, plaintiffs' appeal regarding the issue of peremptory exception of prescription has no merit, as the time to file against Ashley had prescribed on the face of the petition.
La. C.C. art. 3492 provides:
Delictual actions are subject to a liberative prescription of one year. This *741 prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.
The original defendant, Universal, who was timely sued, was dismissed on a motion for summary judgment on the basis of no liability.
La. C.C. art. 1799 provides:
The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs.
Nevertheless, with the Tort Reform Acts of 1996, Universal is no longer considered as liable or a solidary obligor by operation of La. C.C. art. 2317.1, which states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
La. C.C. art. 2317.1 effectively abrogates strict liability in cases involving defective things and imposes a negligence standard based on the owner or custodian's knowledge or constructive knowledge of the defect.
The plaintiffs lawsuit is prescribed against Ashley by operation of La. C.C. art. 3492, since the original defendant, Universal, was found not to be liable. Without any liability, there can be no solidary obligation, and thus no interruption of prescription.
Second plaintiffs argue that La. C.C.P. art. 1915 B applies, which creates two separate classifications for judgments, final and partial. Moreover, La. C.C.P. art. 1915 B(1) states in pertinent part that:
... the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
While it is true that the December 30, 2003 Judgment dismissing Universal from these proceedings was not designated as final, we do not find the plaintiffs argument compelling because of La. C.C.P. art. 2082, which states:
Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.
Plaintiffs order for appeal uses the singular, "judgment," which is modified by the phrase "recently rendered." Therefore, it follows logically that the judgment appealed is the recent October 2004 Judgment granting Ashley's peremptory exception of prescription.
We are supported in our construction of the order of appeal by virtue of the fact that Universal did not receive notice of this appeal and did not have an opportunity to respond to the merits of its summary judgment.
For the aforementioned reasons, we affirm the trial court's granting of the exception of prescription on behalf of the defendant, Ashley.
AFFIRMED.
BELSOME, J., concurs.
*742 BELSOME, J., concurs.
Based on the facts and circumstances presented in the instant case, I concur in the result reached by the majority opinion.