LEONAR RAMIREZ      *      NO. 2021-CA-0184

VERSUS      *

     COURT OF APPEAL

LIGHTHOUSE PROPERTY      *
INSURANCE CORPORATION,      FOURTH CIRCUIT
TAEJOON D. KIM, WILMER      *
HERNANDEZ, WGW      STATE OF LOUISIANA
CONSTRUCTION &      * * * * * * *
REMODELING, LLC, AND
ABC INSURANCE COMPANY

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11141, DIVISION "M-13"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

**JENKINS, J., CONCURS IN THE RESULT**

**ATKINS, J., CONCURS IN THE RESULT**

Steven B. Witman
LAW OFFICES OF STEVEN B. WITMAN
Arbor Walk Professional Center
381 Hwy. 21, Suite 205
Madisonville, LA 70447

       COUNSEL FOR PLAINTIFF/APPELLANT

John B. Esnard, III
Jimmy A. Castex, Jr.
CASTEX ESNARD, L.L.C.
650 Poydras Street, Suite 2415
New Orleans, LA 70130

       COUNSEL FOR DEFENDANT/APPELLEE

           **AFFIRMED**
           **DECEMBER 15, 2021**

In this tort suit, Plaintiff, Leonar Ramirez, appeals the trial court's summary judgment, which dismissed his claims against Defendant, Taejoon D. Kim, and his homeowner's insurer, Lighthouse Property Insurance Corporation (Lighthouse), with prejudice. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

This case arises from a renovation project located at 2021 Napoleon Avenue, Defendant's residence. The facts are largely undisputed. Defendant hired Wilmer Hernandez and/or WGW Construction & Remodeling, L.L.C. (WGW) as the general contractor to perform the work. The general contractor hired Fidel Casanova, Plaintiff's cousin, as a subcontractor. Plaintiff learned of the job through his cousin and was working as an independent contractor.

On November 11, 2017, the last day of the job, Plaintiff was working with Mr. Casanova to replace the wooden fascia on Defendant's porch. When the ladder slipped backwards, Plaintiff fell and sustained serious injuries to his ribs, left arm, elbow and thumb.

On November 6, 2018, Plaintiff filed a Petition for Damages against Mr. Hernandez,[1] WGW,[2] Mr. Kim, Lighthouse, and ABC Insurance Company, asserting negligence, strict liability and premises liability claims. After filing an answer, Defendant and Lighthouse filed a motion for summary judgment. After a hearing, the trial court granted the motion, and dismissed Plaintiff's claims against Defendant and Lighthouse. This devolutive appeal followed.

## STANDARD OF REVIEW

It is well settled that motions for summary judgment are reviewed *de novo* on appeal. *Maradiaga v. Doe*, 15-0450, p. 4 (La. App. 4 Cir. 11/25/15), 179 So.3d 954, 957 (citations omitted). La. C.C.P. art. 966 provides that "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 (A)(3).

## DISCUSSION

On appeal, Plaintiff avers that the trial court erred in granting summary judgment on two issues: 1) whether Defendant owed a duty to Plaintiff, and 2) whether the defective ladder and/or the concrete surface with dense overgrowth constituted an unreasonable risk of harm. Thus, the only issue before this Court is whether there are genuine issues of material fact that preclude summary judgment as a matter of law.

---

[1] Mr. Hernandez filed an Exception of No Cause of Action or No Right of Action. A ruling on the exception is not apparent in the record.
[2] WGW answered.

2

"The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law." *Bufkin v. Felipe's La., LLC*, 14-0288, p. 5 (La. 10/15/14), 171 So.3d 851, 855 (citations omitted). The duty of an owner or custodian of property to keep his property in a reasonably safe condition is the same whether based on custodial liability under La. C.C. arts. 2317, 2317.1[3] and 2322,[4] or negligence under La. C.C. art. 2315(A), and the deficiency of a plaintiff to show that the property had a condition that created an unreasonable risk of harm to persons on the premises results in the defendant owing no duty to the plaintiff under any of the theories of recovery.

---

[3] "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody ...." La. C.C. art. 2317. Where damages are claimed as a result of vices or defects in the thing within one's custody, La C.C. art. 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. ...

> To successfully prove liability pursuant to La. C.C. arts. 2317 and 2317.1, the plaintiff must prove each of the following elements: (1) the thing was in the [owner or] custodian's custody or control; (2) it had a vice or defect that presented an unreasonable risk of harm; (3) the defendant knew or should have known of the unreasonable risk of harm; and (4) the damage was caused by the defect. *Szewczyk v. Party Planners W., Inc.*, 18-0898, p. 7 (La. App. 4 Cir. 5/29/19), 274 So.3d 57, 62. Once these elements are proven, the plaintiff's burden requires proof that the owner knew or should have known of the ruin, vice, or defect which caused the damage; that the owner could have prevented the damage by the exercise of reasonable care; and that the owner failed to exercise such reasonable care. *Id.*, 18-0898, pp. 7-8, 274 So.3d at 62 (citations omitted). Failure of the plaintiff to prove any one of the above factors is fatal to the case. *Id.*, 18-0898, p. 8, 274 So.3d at 62.

[4] Under La. C.C. art. 2322, a plaintiff must prove the following elements to hold the owner of the building liable for injuries caused by the building's vice, ruin or defect: "(1) ownership of the building; (2) the owner knew or, in the exercise of reasonable care, should have known of the ruin or defect; (3) the damage could have been prevented by the exercise of reasonable care; (4) the defendant failed to exercise such reasonable care; and (5) causation." *Broussard v. State, through Office of State Bldgs., Div. of Admin.*, 12-1238, p. 8 (La. 4/5/13), 113 So.3d 175, 182-83. "[O]ur jurisprudence requires that the ruinous building or its defective component part create an unreasonable risk of harm." *Id.* at 183 (citing *Entrevia v. Hood*, 427 So.2d 1146, 1148-49 (La. 1983)).

*Cheramie v. Port Fourchon Marina, Inc.*, 16-0895, p. 4 (La. App. 1 Cir. 2/17/17), 211 So.3d 1212, 1215 (citation omitted)(footnote omitted).[5]

Consequently, under any of the theories of recovery, Plaintiff had to prove by the preponderance of the evidence that: (1) Defendant had ownership or garde/custody of the ladder and concrete surface, (2) the ladder and the concrete surface had a vice or defect that was in an unreasonably dangerous condition or created an unreasonable risk of harm; (3) Defendant knew or should have known it was in an unreasonably dangerous condition or created an unreasonable risk of harm; and (4) the damage was caused by the defect. *McCloud v. Housing Authority of New Orleans*, 08-0094, p. 3 (La. App. 4 Cir. 6/11/08), 987 So.2d 360, 362 (citing *Seal v. State Farm Fire & Cas. Co.*, 00-2375, p. 10 (La. App. 4 Cir. 3/20/02), 816 So.2d 868, 875).[6] Failure to prove one of these factors defeats Plaintiff's negligence claim.

---

[5] It is clear that Louisiana law no longer recognizes strict liability based solely upon ownership. *See Sewell v. Sewerage & Water Bd. of New Orleans*, 18-0996, p. 4, n.7 (La. App. 4 Cir. 5/29/19), —— So.3d ——, 2019 WL 2305673 ("traditional[ ] notions of strict liability have been nearly entirely abrogated" by amendments to the Civil Code.")(internal citation omitted). Indeed, "La. C.C. art. 2317.1 effectively abrogates strict liability in cases involving defective things and imposes a negligence standard based on the owner or custodian's knowledge or constructive knowledge of the defect." *Griffith v. Universal Furniture House, Inc.*, 07-1551, p. 4 (La. App. 4 Cir. 7/30/08), 990 So.2d 739, 741.

[6] "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody ...." La. C.C. art. 2317. Where damages are claimed as a result of vices or defects in the thing within one's custody, La C.C. art. 2317.1 provides:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. ...

To successfully prove liability pursuant to La. C.C. arts. 2317 and 2317.1, the plaintiff must prove each of the following elements: (1) the thing was in the [owner or] custodian's custody or control; (2) it had a vice or defect that presented an unreasonable risk of harm; (3) the defendant knew or should have known of the unreasonable risk of harm; and (4) the damage was

The duty/risk analysis must be applied to make this determination. *McCloud*, 08-0094, p.3, 987 So.2d at 363. Under the duty/risk analysis, Plaintiff must establish that Defendant owed him a duty that was breached, which resulted in his injuries. A landowner or custodian of property has the duty to keep the property in a reasonably safe condition. La. C.C. art. 2317.1. Included in that duty is a duty to correct the condition or warn potential victims that it exists. *McCloud*, p. 4, 987 So.2d at 363. When determining if a risk is unreasonable, this Court balances the probability and magnitude of risk against the thing's utility, while also considering the degree to which the danger is evident. *Id.*

In his motion for summary judgment, Defendant argued that he did not owe a legal duty to Plaintiff, an independent contractor, who determined the means and methods for the job; and there was no evidence of a defect that constituted unreasonable risk of harm, or contributed to the accident. We agree.

The undisputed facts reveal that Plaintiff was an independent contractor. Plaintiff confirmed that he decided the manner and means by which to perform work and brought his own work tools. He also acknowledged that he was responsible to ensure workplace safety involving the use of equipment, including making sure that the ladder was stabilized on a solid level surface.

---

caused by the defect. *Szewczyk v. Party Planners W., Inc.*, 18-0898, p. 7 (La. App. 4 Cir. 5/29/19), 274 So.3d 57, 62. Once these elements are proven, the plaintiff's burden requires proof that the owner knew or should have known of the ruin, vice, or defect which caused the damage; that the owner could have prevented the damage by the exercise of reasonable care; and that the owner failed to exercise such reasonable care. *Id.*, 18-0898, pp. 7-8, 274 So.3d at 62 (citations omitted). Failure of the plaintiff to prove any one of the above factors is fatal to the case. *Id.*, 18-0898, p. 8, 274 So.3d at 62.

In his deposition, Plaintiff testified that he started working on the job on a Monday, and the accident happened the following Saturday. On Monday, he heard Defendant giving Mr. Casanova permission to use his extension ladder, which was the only ladder that would reach the work area. In order to allow Plaintiff and Mr. Casanova to work simultaneously, they decided to dismantle the extension ladder into two sections. The ladder was used the entire week in this manner. Plaintiff was unsure as to whether he was using the bottom portion of the ladder, which had a boot to stabilize it.

On Saturday, Plaintiff arrived at approximately 8:00 a.m. and the accident occurred at the end of the day, around 3:30 p.m. Plaintiff chose the location and placement of the ladder. He admitted that he did not know whether he placed the ladder on level ground. He explained that the area was covered with grass; however, he knew the surface was concrete because he could feel it. Plaintiff stated that he had previously placed the ladder in the same location and worked without an issue prior to the accident. He explained that while he was removing old wooden fascia boards, the ladder "slipped back and fell." He could not explain why.

In Plaintiff's opposition to Defendant's motion for summary judgment, he raised two defects concerning: 1) the ladder, and 2) the concrete surface covered with grass. As to the ladder, he asserts that Defendant directed Plaintiff to use the ladder. This assertion is misplaced as the uncontested testimony revealed that

6

Plaintiff was responsible to bring his own equipment to the job, and Defendant had simply authorized the workers to use the ladder.

Plaintiff further asserted that the ladder was missing parts and pieces, therefore it was defective and presented an unreasonable risk of harm. The only evidence submitted in support of this contention were pictures of the ladder. Generally, a defendant has no duty to protect against an open and obvious hazard. *Hooper v. Brown*, 15-0339, pp. 8-9 (La. App. 4 Cir. 5/22/15), 171 So.3d 995, 1001. If the facts of a particular case show that the complained of condition should be obvious to all, the condition is not unreasonably dangerous and the defendant owes no duty to the plaintiff. *Pitre v. La. Tech Univ.*, 95-1466, 95-1487 (La. 5/10/96), 673 So.2d 585, 591. It is the court's obligation to decide which risks are unreasonable based upon the facts and circumstances of each case. *Harris v. Pizza Hut of La., Inc.*, 455 So.2d 1364, 1371 (La.1984). Without further evidence or testimony concerning some unapparent defect in the ladder, any defect in the ladder evidenced by the pictures was open and obvious. In addition, Plaintiff used the ladder for five days prior to the accident without incident. Under these facts, the ladder was not in an unreasonably dangerous condition, thus Defendant did not owe any duty to Plaintiff concerning the ladder.

As to the concrete surface, Plaintiff asserts that it was covered with dense growth over the concrete that required maintenance. Again, the status of the concrete surface was an open and obvious condition which was acknowledged by Plaintiff, who chose the location for the ladder. Significantly, there was no

7

testimony that the concrete surface was uneven or that the overgrowth prevented Plaintiff from correctly stabilizing the ladder. Under these circumstances, the concrete surface did not create an unreasonable risk of harm; therefore, Defendant did not owe a duty to Plaintiff. Further, notably lacking was any evidence from Plaintiff that indicates either of the alleged defects contributed to or caused the accident. As a result, Plaintiff did not submit evidence to establish an unreasonably dangerous condition, a duty or causation.

In a similar case, the plaintiff, a handyman, was injured when he fell off of a ladder while removing Christmas lights from the exterior of the defendant's home. *Barrow v. Brownell*, 05-1627, p. 2, 938 So.2d 118, 120 (La. App. 1st Cir. 6/9/06). Plaintiff asserted that the defendant-homeowner was liable due to her "negligence in failing to maintain premises and/or ladder in safe condition; failing to maintain a proper lookout, creating and fostering and unreasonable risk of harm, and other acts of negligence and/or strict liability." *Id*. When attempting to climb down the ladder, the bottom of the ladder slid outward, causing both the plaintiff and the ladder to fall to the ground. *Id*., p. 3, 938 So.2d at 120-21. The plaintiff contended that the cold weather outside was a defective and dangerous condition in the property; however, he did not establish how the weather conditions contributed to the accident. *Id*., p. 7, 938 So.2d at 123. However, it was established that the plaintiff climbed the ladder alone, and failed to have anyone hold the ladder steady. *Id*., p. 3, 938 So.2d at 120. The First Circuit rejected plaintiff's argument, and affirmed the trial court's summary judgment in favor of the homeowner, finding

8

she owed no duty to the plaintiff under the circumstances and that the plaintiff was the sole person who decided, when, where, and how to do the job.

Like *Barrow*, Plaintiff in this case decided when, where and how to do the job; he decided to work on a dismantled extension ladder and climbed it alone; and he did not establish how the ladder or the concrete with overgrowth contributed to the accident. Plaintiff attempts to distinguish *Barrow* on grounds that the handyman had been using the same ladder to remove lights for seventeen years. However, Plaintiff in this case used the ladder for a sufficient amount of time for the week prior, and he was responsible for determining the manner in which to perform the job. Further, he fails to establish how the condition of the ladder or the concrete contributed to the accident. Accordingly, summary judgment was appropriate.

## CONCLUSION

Given that Plaintiff could not prove the factors necessary to his claim, there are no genuine issues of material fact that would preclude summary judgment as a matter of law. Therefore, summary judgment was appropriate. For these reasons, the trial court's granting of summary judgment dismissing Defendant and his homeowner's insurer with prejudice is affirmed.

**AFFIRMED**